UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

Bristol, ss.                                        C.A. No.:

| | |
|---|---|
| KATHLEEN FRAZER and STUART FRAZER,<br>   *Plaintiffs,*<br><br>V.<br><br>SKECHERS, U.S.A., Inc.,<br>SKECHERS, U.S.A., Inc., II, and<br>SKECHERS FITNESS GROUP,<br>   *Defendants* | **COMPLAINT AND DEMAND<br>FOR JURY TRIAL** |

## PREAMBLE

Defendants (collectively 'Skechers') are manufacturers, marketers and promoters of so-called 'toning shoes' including a model marketed as "Shape-ups." These models are formed with a convex rubber sole referred to as a 'rocker bottom' that cause the wearer to become unstable, which instability, according to Skechers, tones and strengthens leg muscles as the wearer works to maintain stability. Skechers further claims that its Shape-ups footwear increases circulation and improves cardiac function when worn regularly.

As part of their promotional campaign, Skechers recommended that, for maximum benefit, Shape-ups be worn consistently in place of other footwear. They were specifically designed to alter the wearer's gait mechanics and to induce instability when walking. However, the medical literature to date has confirmed that such gait alterations over extended periods of time cause foot and ankle injuries such as tendon and ligamentous damage, stress fractures and seriously compromise the integrity of ankle and other joints.

In 2010, the American Council on Exercise ("ACE") commissioned a study at the University of Wisconsin to test the accuracy of Skechers' claims of toning-shoe benefits.  The results of the study confirm that: "All three toning shoes tested showed no statistically significant increases in either exercise response or muscle activation during the treadmill trials, when compared to the normal athletic shoes tested.  There was simply no evidence to indicate that the toning shoes offer any enhanced fitness benefits over traditional sneakers...."

## PARTIES

1.   Plaintiff Kathleen Frazer is a resident of Fall River, Bristol County, Massachusetts.

2.   Plaintiff Stuart Frazer is also a resident of Fall River, Bristol County, Massachusetts and is the lawfully wedded spouse of plaintiff Kathleen Frazer.

3.   Defendant Skechers U.S.A., Inc. ("Skechers USA"), upon information and belief, is a corporation duly organized and existing under the laws of the state of Delaware with a principal place of business located at 228 Manhattan Boulevard, Manhattan Beach, California.  At all times herein mentioned, Skechers USA was engaged in the business of manufacturing, packaging, distributing and/or marketing footwear for the general public, including residents of the Commonwealth of Massachusetts.

4.   Defendant Skeckers U.S.A., Inc. II ("Skechers II"), upon information and belief, is a corporation duly organized and existing under the laws of the state of Delaware with a principal place of business located at 228 Manhattan Beach Boulevard, Manhattan Beach, California.  At all times herein mentioned, Skechers II was engaged in the business of manufacturing, packaging, distributing and/or marketing footwear for the general public, including residents of the Commonwealth of Massachusetts.

5.    Defendant Skechers Fitness Group ("Skechers Fitness"), upon information and belief, is a trademarked subsidiary of Skechers II, with a principal place of business located at 228 Manhattan Beach Boulevard, Manhattan Beach, California.  At all times herein mentioned, Skechers Fitness was engaged in the business of manufacturing, packaging, distributing and/or marketing footwear for the general public, including residents of the Commonwealth of Massachusetts.

## JURISDICTION

6.    This Honorable Court has jurisdiction over this matter under 28 U.S.C. 1332, as the parties are residents of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

7.    This Honorable Court has personal jurisdiction over Defendants as Defendants conduct business in Massachusetts, Plaintiffs lives in Massachusetts, Plaintiffs' injuries were sustained in Bristol County, Massachusetts, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Massachusetts.

## FACTS

8.    As a result of observing numerous television and print advertisements extolling the benefits of Skechers Shape-ups, plaintiff Kathleen Frazer purchased a pair of Skechers Shape-ups on February 14, 2012 from J.C. Penney and began wearing these shoes almost exclusively during her daily activities.

9.    On May 3, 2012, Kathleen Frazer bought an additional pair of Skechers Shape-ups from the internet vendor eBay.

10.   On or about May 13, 2012, Kathleen Frazer purchased a third pair of Skechers Shape-ups from J.C. Penney.

11.   After wearing her Skechers Shape-ups for almost a full year, Kathleen Frazer began to experience right ankle instability and pain.

12.   On January 28, 2013, Kathleen Frazer consulted Jonathan G. Sabourin, DPM, a medical physician specializing in disorders of the foot.

13.   Dr. Sabourin ordered an MRI scan of Kathleen Frazer's right ankle, which study was performed on March 16, 2013 at Saint Anne's Hospital in Fall River, Massachusetts.  Upon reviewing the scan results, Dr. Sabourin informed her that she was suffering from right ankle tenosynovitis and synovitis, lateral ankle instability, ganglion cyst and peroneal tendinitis.

14.   On April 12, 2013, Kathleen Frazer underwent right foot/ankle surgery consisting of arthroscopy with debridement, a Broström procedure and excision of a ganglion cyst.

15.   During her convalescence from said surgery, Kathleen Frazer began to experience left ankle pain and instability, and submitted to a left-ankle MRI on June 9, 2013.

16.   This exam revealed a Grade 1 strain of the hallicus longus muscle and a chronic Grade 2 strain of the anterior talofibular ligament.  Kathleen Frazer was thereafter diagnosed by Dr. Sabourin with left ankle tenosynovitis and synovitis with left ankle instability.

17.   On August 9, 2013, Kathleen Frazer underwent a left foot/ankle arthroscopy with debridement and a Broström procedure.

18.   On February 21, 2014, Kathleen Frazer underwent a right ankle Broström procedure with removal of previous hardware and soft tissue mass.

19.   On May 23, 2014, Kathleen Frazer underwent further surgery consisting of removal of painful implanted hardware from her right foot/ankle and a sural nerve decompression.

4

20. On October 3, 2014, Kathleen Frazer had her fifth ankle/foot surgery, consisting of removal of painful implanted hardware from her left ankle.

21. Kathleen Frazer continues to experience bilateral ankle/foot pain and discomfort and continues to require medical treatment for these chronic symptoms.

## COUNT 1
Kathleen Frazer
*Negligence*

22. Plaintiff Kathleen Frazer repeats and realleges each and every paragraph of the Preamble, as well as the allegations set forth in Paragraphs 1 through 21 of this Complaint as if fully realleged herein.

23. Skechers owed the general public, including the Plaintiff, Kathleen Frazer, a duty of reasonable care in designing, manufacturing, marketing and promoting Shape-ups footwear.

24. Skechers breached said duty by failing to exercise the ordinary care required of a prudent shoe manufacturer, and by designing, manufacturing, marketing and promoting its Shape-ups, which footwear was designed and intended to alter the wearer's gait mechanics and to cause instability. Skechers further breached the aforesaid duty of care by failing to warn of the dangers associated with this design when it knew, or reasonably should have known, of the injury-causing potential of its Shape-ups footwear.

25. As a direct and proximate result of Skecher's carelessness, negligence and unlawfulness, the Plaintiff, Kathleen Frazer, suffered severe injury to both of her ankles; has been subjected to acute pain and suffering; has incurred substantial hospital and medical expenses and such expenses will continue to be incurred.

**COUNT 2**
Kathleen Frazer
*Breach of Express Warranty*

26.   Plaintiff Kathleen Frazer repeats and realleges each and every paragraph of the Preamble, as well as the allegations set forth in Paragraphs 1 through 25 of this Complaint as if fully realleged herein.

27.   Defendants expressly warranted to members of the general public, including the Plaintiff, Kathleen Frazer, that Skechers Shape-ups were safe and provided the wearer with health benefits including, but not limited to: promoting weight loss, improving coordination, reducing stress on the joints of the ankles and knees, improving posture and toning muscles.

28.   Defendants expressly warranted that Skechers Shape-ups were safe and effective for use during physical exercise such as regular walking and for altering one's gait while walking.

29.   The Plaintiff, Kathleen Frazer, relied on these representations and wore her Shape-ups for walking and for everyday activities.

30.   Defendants breached the aforementioned express warranty as their Shape-ups were not fit for their intended use and failed to meet Defendants express representations regarding safety and enhanced health benefits.

31.   As a direct and proximate result of Plaintiff's reliance on Defendants' express representations of the safety and health benefits of wearing Shape-ups, the Plaintiff, Kathleen Frazer, suffered severe injury to both of her ankles; has been subjected to acute pain and suffering; has suffered a diminution in her capacity to work and earn wages; has incurred substantial hospital and medical expenses and such expenses will continue to be incurred.

## COUNT 3
Kathleen Frazer
*Breach of Implied Warranty of Fitness for a Particular Purpose*

32.     Plaintiff Kathleen Frazer repeats and realleges each and every paragraph of the Preamble, as well as the allegations set forth in Paragraphs 1 through 31 of this Complaint as if fully realleged herein.

33.     Defendants are merchants of Shape-ups and actively engaged in the sale of said footwear to members of the general public including the Plaintiff, Kathleen Frazer.  Defendants therefore impliedly warranted that Shape-ups were fit for their intended purpose.

34.     Defendants knew or should have known the purpose for which their Shape-ups would be worn by consumers such as the Plaintiff, and that this purpose included wearing the shoes for exercise and everyday use.

35.     The Plaintiff, Kathleen Frazer, relied on the skill and judgment of Skechers when she purchased the Shape-ups for exercise and everyday use.

36.     Skechers breached the above-referenced implied warranty of fitness for a particular purpose to Plaintiff, Kathleen Frazer, in that the Shape-ups she purchased were poorly designed, unfit for everyday use and unreasonably dangerous to consumers such as the Plaintiff.

37.     As a direct and proximate result of Plaintiff's reliance on Defendants' implied warranty of fitness for a particular purpose, the Plaintiff, Kathleen Frazer, suffered severe injury to both of her ankles; has been subjected to acute pain and suffering; has suffered a diminution in her capacity to work and earn wages; has incurred substantial hospital and medical expenses and such expenses will continue to be incurred.

**COUNT 4**
Stuart Frazer
*Loss of Consortium*

38.   Plaintiff Stuart Frazer repeats and realleges each and every paragraph of the Preamble, as well as the allegations set forth in Paragraphs 1 through 37 of this Complaint as if fully realleged herein.

39.   At all times herein stated, plaintiff Stuart Frazer was and is the lawfully wedded spouse of plaintiff Kathleen Frazer.

40.   As a direct and proximate result of the Defendants' negligence as herein above set forth, plaintiff Stuart Frazer has suffered loss of services, society, companionship, comfort, affection, love, solace and consortium of his spouse, Kathleen Frazer.

**WHEREFORE,** Plaintiffs, Kathleen Frazer and Stuart Frazer, demand that:

1.   On Counts 1 through 3 of this Complaint, defendants Skechers pay plaintiff Kathleen Frazer money damages in compensation for her personal injuries, her pain and suffering and her other consequential damages, plus costs and interest;

2.   On Count 4 of this Complaint, defendants Skechers pay plaintiff Stuart Frazer money damages in compensation for the loss of Kathleen Frazer's services, society, companionship, comfort, affection, love, solace and consortium, plus costs and interest;   and

3.   this Honorable Court grant such other relief as is just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all counts herein enumerated.


Respectfully submitted,
PLAINTIFFS,
By their Attorneys


Date:___4/2/2015_____          /s/   Kevin J. Phelan_____
                               Kevin J. Phelan, BBO# 397915
                               Stephen M. Shea, BBO# 631169
                               Law Office of Kevin J. Phelan
                               38 Rock Street
                               Fall River, MA 02720
                               (508) 674-1999
                               kphelan@fallriverlaw.net